UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X   For Online Publication Only
MESSIAH JEFFERSON,

                              Plaintiff,

            -against-                              **ORDER**
                                                    21-CV-2848 (JMA)(AKT)

JOHN DOE #1, Security Officer, *et al.*,
*et al.*,

                              Defendants.
----------------------------------------------------------------------------X
**AZRACK, United States District Judge:**

       Before the Court is the in forma pauperis complaint brought by incarcerated pro se plaintiff Messiah Jefferson ("Jefferson" or "Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights.  (See Complaint, ECF No. 1.)  Accompanying the complaint is an application to proceed in forma pauperis.  (ECF No. 2.)

       Upon review of the declarations accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Accordingly, the Court grants Plaintiff's application to proceed in forma pauperis.  However, upon review, the claims alleged in the complaint are repetitive of claims already proceeding in the Eastern District of New York in case assigned docket number 21-CV-2417(JMA)(AKT).  Thus, common questions of law and fact exist in these cases.  Accordingly, in its discretion, the Court consolidates the present complaint with the complaint filed in 21-CV-2417 in accordance with Federal Rule of Civil Procedure 42(a)(2).  Hall v. Hall, -- U.S. ---, 138 S. Ct. 1118 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."); Boyde v. Deputy Uzunoff, No. 21-CV-0741, 2021 WL 3185472, at *1 (N.D.N.Y. July 28, 2021) ("As the

FILED
CLERK
4:59 pm, Oct 07, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Second Circuit has recognized, '[t]he trial court has broad discretion to determine whether consolidation is appropriate,' Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), and may consolidate actions sua sponte. Devlin v. Transportation Commc'ns Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999)"). The case assigned docket number 21-2417(JMA)(AKT) shall be the lead case and all subsequent orders of the Court and filings by the parties that pertain to either action shall be filed only in 21-2417. A copy of the complaint in 21-2848 shall be filed in 21-2417 forthwith and, together, those complaints shall be construed together as the operative complaint.

Accordingly, the Court orders that the Clerk of the Court issue summonses to the named defendants, Sheriff Errol D. Toulon, Jr., Warden Michael Franchi, and Sergeant Donald Sherrill, and forward the summonses together with copies of the complaint and this order to the United States Marshal Service (USMS) for service upon these defendants forthwith.[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**

Dated: October 7, 2021
       Central Islip, New York

     /s/ (JMA)                
JOAN M. AZRACK
United States District Judge

---

[1] Insofar as the complaint includes "John Doe" defendants, the identities of these individuals may be ascertained during the course of discovery. Jefferson then may seek leave to amend his complaint to include any additional defendants at that time.